**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| **ERIC WESLEY,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE** |
| VS. : | **NO. 1:07-CV-6 (WLS)** |
| : | |
| **Officer MANGO,** : | |
| : | |
| **Defendant.** : | |

**RECOMMENDATION OF DISMISSAL FOR FAILURE TO PROSECUTE**

Plaintiff's *pro se* complaint was filed in the Office of the Clerk of Court on January 8, 2007 (R. at 2). On January 18, 2007, plaintiff caused to be filed a document he styled "Motion for Statement in Claim." (R. at 4). By order of this court dated January 19, 2007, Plaintiff was granted *in forma pauperis* status and the Clerk was directed to attempt service upon the Defendant at the address provided by the Plaintiff (R. at 5). On February 13, 2007, the Clerk mailed Plaintiff a letter at his last known address advising him that the Defendant was no longer at Autry State Prison and requesting that Plaintiff provide the Clerk with a good service address for Defendant (R. at 8). On February 20, 2007, the Clerk's letter to the Plaintiff was returned to the Clerk as undeliverable (see unnumbered docket entry for 2/20/2007).

On June 5, 2007, the undersigned ordered plaintiff to show cause within ten (10) days why his complaint should not be dismissed in accordance with Federal Rule of Civil Procedure 41(b) for his failure to prosecute same (R. at 9).[1] Although Plaintiff's service copy of that order has not been returned to the Clerk as undeliverable the plaintiff has failed to respond to the order.

---

[1] That order also denied Plaintiff's "Statement in Claim."

He has also filed to provide the Clerk with a service address for the Defendant. During the ensuing almost ten (10) months since the Clerk received the Plaintiff's "Motion for Statement in Claim" he has had no contact whatsoever with the Court. The order of this Court of January 19, 1997, clearly advised this Plaintiff that a failure to diligently prosecute this matter as required by Rule 41(b) as well as his failure to keep the Court advised of his current address at all times could lead to a recommendation of dismissal (R. at 5).

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of the plaintiff. The plaintiff has taken no meaningful steps to prosecute his case since filing his "Motion for Statement in Claim" on January 18, 2007, despite being specifically advised by this court that he had a duty to diligently prosecute his lawsuit. The plaintiff has had more than adequate time to pursue his claim against this defendant but he has failed to do so. He has also failed to provide a good service address for the Defendant despite having been told to do so on February 13, 2007. Further, he has failed to respond to the order to show cause of June 5, 2007. Based on the above, the court finds that lesser sanctions will not suffice herein. Accordingly, it

2

is the RECOMMENDATION of the undersigned that the plaintiff's case be dismissed for his failure to prosecute same.

Pursuant to 28 U.S.C. § 636(b)(1) the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of being served with a copy of this recommendation.

SO RECOMMENDED, this 8th day of November 2007.

                                            **/s/ *Richard L. Hodge***
                                            RICHARD L. HODGE
                                            UNITED STATES MAGISTRATE JUDGE